1  JOSEPH T. MCNALLY
   Acting United States Attorney
2  DAVID T. RYAN
   Assistant United States Attorney
3  Chief, National Security Division
   MARK TAKLA (Cal. Bar No. 218111)
4  Assistant United States Attorney
   National Security Division
5       411 W. 4th Street, Suite 8000
        Santa Ana, CA 92701
6       Telephone:  (714) 338-3591
        Email:      mark.takla@usdoj.gov
7

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
9

10                UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 UNITED STATES OF AMERICA,        No. 8:25-mj-00197

              Plaintiff,            GOVERNMENT'S NOTICE OF REQUEST
13                                  FOR DETENTION

14                 v.

15 GUADALUPE BLANCO,

16            Defendant.

17      Plaintiff, United States of America, by and through its counsel

18 of record, hereby requests detention of defendant and gives notice of

19 the following material factors:

20 ☐  1.   Temporary 10-day Detention Requested (§ 3142(d)) on the

21         following grounds:

22 ☐    a.   present offense committed while defendant was on release

23         pending (felony trial),

24 ☐    b.   defendant is an alien not lawfully admitted for

25         permanent residence; and

26 ☐    c.   defendant may flee; or

27 ☐    d.   pose a danger to another or the community.

28

1   ☒   2.   Pretrial Detention Requested (§ 3142(e)) because no

2            condition or combination of conditions will reasonably

3            assure:

4       ☒   a.   the appearance of the defendant as required;

5       ☒   b.   safety of any other person and the community.

6   ☐   3.   Detention Requested Pending Supervised Release/Probation

7            Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.

8            § 3143(a)):

9       ☐   a.   defendant cannot establish by clear and convincing

10                evidence that he/she will not pose a danger to any

11                other person or to the community;

12       ☐   b.   defendant cannot establish by clear and convincing

13                evidence that he/she will not flee.

14  ☐   4.   Presumptions Applicable to Pretrial Detention (18 U.S.C.

15            § 3142(e)):

16       ☐   a.   Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")

17                (46 U.S.C. App. 1901 et seq.) offense with 10-year or

18                greater maximum penalty (presumption of danger to

19                community and flight risk);

20       ☐   b.   offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or

21                2332b(g)(5)(B) with 10-year or greater maximum penalty

22                (presumption of danger to community and flight risk);

23       ☐   c.   offense involving a minor victim under 18 U.S.C.

24                §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

25                2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

26                2260, 2421, 2422, 2423 or 2425 (presumption of danger

27                to community and flight risk);

28

1    ☐    d.    defendant currently charged with an offense described

2              in paragraph 5a - 5e below, <u>AND</u> defendant was

3              previously convicted of an offense described in

4              paragraph 5a - 5e below (whether Federal or

5              State/local), <u>AND</u> that previous offense was committed

6              while defendant was on release pending trial, <u>AND</u> the

7              current offense was committed within five years of

8              conviction or release from prison on the above-

9              described previous conviction (presumption of danger to

10             community).

11   ☒    5.    Government Is Entitled to Detention Hearing Under § 3142(f)

12             If the Case Involves:

13   ☐    a.    a crime of violence (as defined in 18 U.S.C.

14             § 3156(a)(4)) or Federal crime of terrorism (as defined

15             in 18 U.S.C. § 2332b(g)(5)(B) for which maximum

16             sentence is 10 years' imprisonment or more;

17   ☐    b.    an offense for which maximum sentence is life

18             imprisonment or death;

19   ☐    c.    Title 21 or MDLEA offense for which maximum sentence is

20             10 years' imprisonment or more;

21   ☐    d.    any felony if defendant has two or more convictions for

22             a crime set forth in a-c above or for an offense under

23             state or local law that would qualify under a, b, or c

24             if federal jurisdiction were present, or a combination

25             or such offenses;

26

27

28

1  ☐   e.   any felony not otherwise a crime of violence that
2           involves a minor victim or the possession or use of a
3           firearm or destructive device (as defined in 18 U.S.C.
4           § 921), or any other dangerous weapon, or involves a
5           failure to register under 18 U.S.C. § 2250;
6  ☒   f.   serious risk defendant will flee;
7  ☐   g.   serious risk defendant will (obstruct or attempt to
8           obstruct justice) or (threaten, injure, or intimidate
9           prospective witness or juror, or attempt to do so).
10 ☐  6.  Government requests continuance of _____ days for detention
11         hearing under § 3142(f) and based upon the following
12         reason(s):
13
14 _____
15 _____
16 _____
17 // _____
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

4

1  ☐  7.    Good cause for continuance in excess of three days exists

2          in that:

3

4          _____

5          _____

6          _____

7          _____

8  Dated: March 14, 2025              Respectfully submitted,

9

10         *Mark Takla*

11         MARK TAKLA
           Assistant United States Attorney
12
           Attorneys for Plaintiff
13         UNITED STATES OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28